**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James F McCleland, II,<br><br>    Plaintiff,<br><br>v.<br><br>City of Tempe, et al.,<br><br>    Defendants. | No. CV-24-00926-PHX-KML<br>No. CV-24-01464-PHX-KML<br><br>**ORDER** |

      In two separate hundred-plus page complaints, plaintiff James F. McCleland, II, alleges the City of Tempe and its code enforcement personnel violated his constitutional rights and various federal and state laws. McCleland's complaints are rambling and imprecise, but he generally seems to assert that Tempe (1) acted outside its authority when investigating complaints filed by an anonymous neighbor about the condition of residential property he owns in the city and (2) took too long to respond to his public records requests. Tempe filed a motion to consolidate the cases. (926-Doc. 22.) McCleland has not responded but admits many claims in both suits "are the same." (1464-Doc. 1 at 2.)[1]

      Consolidation of these cases is appropriate because they involve substantially the same parties, facts, and questions of law. *See* Fed. R. Civ. P. 42. But because neither of McCleland's complaints met Rule 8(a)'s requirement to provide "a short and plain statement of the claim," he will be required to file a consolidated complaint in CV-24-926 succinctly identifying the correct parties, claims, and acts giving rise to those claims.

---

[1] "926-Doc." refers to the docket in No. CV-24-00926, and "1464-Doc." refers to the docket in No. CV-24-1464.

In filing his consolidated complaint, McCleland should keep in mind arguments Tempe made in its Rule 12(e) motions for more definite statement. (926-Doc. 15, 1464-Doc. 18.) Although those motions are denied as moot because McCleland must file a consolidated complaint, they raise serious questions about the viability of most claims in both complaints. Specifically, most criminal statutes—including those McCleland relies on—do not confer private rights of action. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("18 U.S.C. §§ 241 and 242 . . . are criminal statutes that do not give rise to civil liability"). In other words, McCleland cannot use this civil lawsuit to allege violations of criminal law without specifying a basis that allows *him*, rather than a state or federal prosecutor, to bring the claim.

McCleland is likewise warned there is no respondeat superior liability under 42 U.S.C. § 1983. A defendant's position as the supervisor of persons who allegedly violated his constitutional rights does not impose liability. *See generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1977). McCleland's consolidated complaint must therefore specify how "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

More generally, a rambling complaint that fails to tie specific defendants to alleged legal wrongs does not meet Rule 8's requirement of simplicity, directness, and clarity. *Cafasso, U.S. ex rel. v. General Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011). For every claim, McCleland's consolidated complaint must therefore (as Tempe's Rule 12(e) motions requested) identify specific defendants and their specific acts that McCleland alleges give rise to liability. The court will not impose a page limit on the consolidated complaint, but it is unlikely that McCleland needs more than twenty pages total to state viable causes of action on the small number of claims that could survive a motion to dismiss.

McCleland filed a motion for default after Tempe filed its motions for a more definite statement. (926-Doc. 25.) That motion is denied because Rule 12(e) effectively tolls the time for filing an answer until the court rules on the motion for a more definite

statement. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("a defendant can move for a more definite statement under Rule 12(e) before responding").

McCleland also filed motions to compel Tempe to reveal the identity of the "anonymous neighbor" in both cases. (926-Doc. 16, 1464-Doc. 12.) Both motions are denied. McCleland apparently seeks the neighbor's identity to enable service (926-Doc. 16 at 1–2; 1464-Doc. 12 at 1–2), but a plaintiff seeking early discovery for identification purposes must meet the four-part test summarized in *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). Neither of McCleland's motions tries to meet that test. And even if they had, it appears McCleland could not meet the fourth prong, *i.e.*, showing "a reasonable likelihood that the discovery process will lead to identifying information about [the] defendant that would make service of process possible[,]" *id.* at 580, because Tempe says it has reviewed the complaints and does not possess the complainant's identifying information. (*See* 926-Doc. 20 at 2–3, 1464-Doc. 17 at 2–3.)

Finally, McCleland's motion for preliminary injunction (1464-Doc. 20) is denied. McCleland's motion seeks to prevent Tempe from issuing further code compliance notices because, although he owns property in Tempe, Tempe has not provided him with a description of the legal authority allowing it to issue code compliance notices for the property. (1464-Doc. 20 at 2, 1464-Doc. 1 at 23, 29.) For the reasons above, McCleland has failed to show he is likely to succeed on the merits of his claims as he must to obtain injunctive relief. *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (noting court need not consider other injunctive relief factors where movant fails to show threshold likelihood of success on the merits).

Accordingly,

**IT IS ORDERED** the motion to consolidate (926-Doc. 22) is **GRANTED**. The Clerk of Court is directed to consolidate CV-24-01464-PHX-KML with CV-24-00926-PHX-KML. The Clerk of Court shall close CV-24-1464-PHX-KML. All future filings shall be in CV-24-00926-PHX-KML.

**IT IS FURTHER ORDERED** the complaint (926-Doc. 1) is **DISMISSED**. No

later than **October 7, 2024**, Plaintiff shall file a consolidated complaint in CV-24-00926-PHX-KML that complies with Fed. R. Civ. P. 8(a).

**IT IS FURTHER ORDERED** Defendants' motions for more definite statement (926-Doc. 15, 1464-Doc. 18) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** Plaintiff's motion for default (926-Doc. 25) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's motions to compel identity of the neighbor (926-Doc. 16, 1464-Doc. 12) are **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's motion for preliminary injunction (1464-Doc. 20) is denied.

Dated this 23rd day of September, 2024.

_____
Honorable Krissa M. Lanham
United States District Judge