**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James F McCleland, II, | No. CV-24-00926-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tempe, et al., | |
| Defendants. | |

Plaintiff James F. McCleland II asserts a variety of federal and state claims against the City of Tempe and nine of its employees based on two code compliance notices Tempe sent him. The defendants move to dismiss all claims, arguing the complaint violates Federal Rule of Civil Procedure 8(a) and even if that flaw is overlooked, fails to state a claim upon which relief can be granted. The motion to dismiss is granted.

McCleland also filed a motion for an order to show cause. Because it has no legal basis, it is denied.

**I.   Background**

McCleland filed two separate hundred-plus page federal lawsuits against defendants. Those cases were consolidated and the court ordered McCleland to file a consolidated complaint. (*See* Doc. 29.) Although the court warned McCleland he likely did not need more than 20 pages to state his viable claims (Doc. 29 at 2), he filed a 236-page consolidated complaint (Doc. 30). That complaint asserts nine federal claims, six state statutory claims, and two state common law claims against different combinations of the

ten defendants, although it is not always clear which counts are asserted against which defendants.

McCleland's allegations stem from two code compliance notices Tempe sent him. The first notice was issued on April 25, 2023, for an allegedly unregistered vehicle on McCleland's property. (Doc. 30 at 30.) McCleland believes that notice was the result of an anonymous complaint from his neighbor. (Doc. 30 at 30.) McCleland alleges the notice was issued after a Tempe code inspector entered his property without permission or a warrant and took a picture of his vehicle's license plate. (Doc. 30 at 45, 46.) On May 9, 2023, McCleland's property was reinspected and the vehicle was registered, so Tempe closed the complaint. (Doc. 30 at 46.) McCleland submitted 83 public records requests to Tempe related to this first notice, and he claims nineteen were not acknowledged in a timely manner, twelve were denied or answered deceptively, and four remain unanswered. (Doc. 30 at 31.)

McCleland attempted to make a formal complaint with the Tempe Police Department regarding the first notice and he alleges another code compliance case was opened against him two days later. (Doc. 30 at 32.) This second notice alleged McCleland had failed to register his home as a residential rental. (Doc. 30 at 33.) He was also cited for having leaves on his sidewalk. (Doc. 30 at 68.) McCleland believes this second notice was another unlawful code enforcement action initiated against him in concert with the same anonymous neighbor whose complaint led to the first notice. (Doc. 30 at 3.) He believes both notices were issued as a part of a conspiracy involving Tempe staff, code inspectors, and the anonymous neighbor. (Doc. 30 at 78, 83–84, 228–29.)

Based on the two notices, McCleland is attempting to pursue the following claims:

1. Conspiracy against rights (18 U.S.C. § 241)
2. Deprivation of rights under color of law (18 U.S.C. § 242)
3. Violation of property rights (42 U.S.C. § 1982)
4. Violation of the First, Fourth, and Fourteenth Amendment (42 U.S.C. § 1983)
5. Conspiracy to interfere with civil rights (42 U.S.C. § 1985(3))

6. Neglect to prevent conspiracy to interfere with civil rights (42 U.S.C. § 1986)
7. Attorneys' fees in the vindication of civil rights (42 U.S.C. § 1988)
8. Fictious obligations (18 U.S.C. § 514)
9. Mail fraud (18 U.S.C. § 1341)
10. Conspiracy (A.R.S. § 13-1003)
11. Criminal trespass in the first degree (A.R.S. § 13-1504)
12. Public records request violations (A.R.S. § 13-2407)
13. Forgery (A.R.S. § 13-2002)
14. Presentment of false instrument for filing (A.R.S. § 39-161)
15. Criminal enterprise (A.R.S. § 13-305)
16. Common law conspiracy
17. Breach of fiduciary duty

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64.

## III. Analysis

McCleland's 236-page amended complaint is, most charitably, difficult to understand. It teems with conclusory statements, irrelevant and unnecessary case law and citations to municipal codes, and sovereign-citizen-style arguments about Tempe's authority over his property. The complaint's portrayal of McCleland as a crusader for the

rights of other Arizona citizens shows a fundamental misunderstanding of the limited jurisdiction of federal courts and the role of litigants within the federal court system. The court will not act as a roving source of referrals to federal or state prosecutors, nor will it vindicate rights McCleland has crafted from thin air. The complaint is dismissed and McCleland must fundamentally re-work the amended complaint for the few claims he is allowed to amend to comply with Rule 8(a)'s requirement of "a short and plain statement of the claim."

### A. Claims with No Private Right of Action

Four of McCleland's federal claims and all his state statutory claims fall under criminal statutes that do not provide a private right of action. The court advised McCleland of this in its previous order, reiterating he "cannot use this civil lawsuit to allege violations of criminal law without specifying a basis that allows *him*, rather than a state or federal prosecutor, to bring a claim." (Doc. 29 at 2.) McCleland nevertheless again brought criminal claims and failed to specify any valid basis for doing so.

The first two of these claims are under 18 U.S.C. § 241 alleging Tempe conspired to deprive him of his rights and under 18 U.S.C. § 242 alleging a deprivation of his rights under color of law. (Doc. 30 at 77.) Neither of these statutes provide a private right of action, so they are dismissed with prejudice. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (citation omitted). There is also no private right of action for McCleland's claims of "fictious obligations" and mail fraud under 18 U.S.C §§ 514 and 1341 (Doc. 30 at 217), so these claims are dismissed with prejudice. *See Coulthard v. Trott & Trott, P.C.*, No. 12-13601, 2013 WL 12119567, at *11 (E.D. Mich. Nov. 25, 2013), *report and recommendation adopted*, No. 12-13601, 2014 WL 12573975 (E.D. Mich. Mar. 31, 2014); *Kirk v. Heppt*, 532 F. Supp. 2d 586, 590 (S.D.N.Y. 2008).

McCleland also attempts to bring five claims under Arizona criminal statutes for conspiracy, criminal trespass, criminal enterprise, public records request ("PRR") violations, and the making of false documents and public records. (Doc. 30 at 218–28.) Each of these claims arises under Title 13 of the Arizona Revised Statutes, Arizona's

criminal code. *See State v. Trujillo*, 462 P.3d 550, 556 (Ariz. 2020). McCleland acknowledges these are criminal claims but asks the Court to refer them "to the appropriate body for enforcement." (Doc. 39 at 10.) But in Arizona it is prosecutors, not private litigants or federal courts, who have "broad discretion in the enforcement of criminal laws and in deciding what charges, if any, will be filed against a defendant." *J.V. v. Blair in & for Cnty. of Maricopa*, 536 P.3d 1223, 1226 (Ariz. Ct. App. 2023) (citation omitted). Because there is no private right of action under the Arizona criminal statutes McCleland cites, these claims are dismissed with prejudice.

McCleland also lists various civil laws under his PRR violations claim. (*See* Doc. 30 at 220.) These include breach of fiduciary duty; nonfeasance in public office; and violations of the First, Fifth, and Fourteenth Amendment. (Doc. 30 at 220.) McCleland does not explain how these laws relate to his PRR claim; instead, he incorporates sixteen pages of confusing allegations from an unrelated claim. (Doc. 30 at 221 (citing Doc. 30 at 148–64).) He does not assert these purported PRR claims against a specific defendant but rather generally against the "City of Tempe staff who are responsible for answering" his PRRs. (Doc. 30 at 220.) As the court previously advised McCleland, "a rambling complaint that fails to tie specific defendants to alleged legal wrongs does not meet Rule 8's requirement of simplicity, directness, and clarity." (Doc. 29 at 2 (citing *Cafasso, U.S. ex rel. v. General Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011)).) As such, to the extent McCleland's PRR claim is not brought under an Arizona criminal statute, it still fails and is dismissed with prejudice.

### B. Racial Discrimination

McCleland asserts Tempe violated his property rights under 42 U.S.C. § 1982 by misapplying municipal codes and issuing the two code compliance notices. (Doc. 30 at 90–95.) To state a cause of action under this statute, there must be sufficient allegations of racial discrimination. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1527 (9th Cir. 1990). A "class of Citizens who own private property within [Tempe]" as McCleland alleges (Doc. 59 at 4) is not protected under this statute. McCleland has not

alleged any facts indicating Tempe acted because of his race (*see* Docs. 30, 39 at 4), so this claim is dismissed. As discussed at more length below, it is possible McCleland would be able to amend his complaint to include sufficient allegations of racial discrimination to state a valid claim, so McCleland is given one final chance to amend his complaint. This claim is dismissed with leave to amend.

### C. Federal and Common Law Conspiracy

McCleland brings two federal conspiracy claims and one common law conspiracy claim. (Doc. 30 at 209–215, 228–29.) For the federal claims, he alleges a conspiracy to interfere with his civil rights under 42 U.S.C. § 1985(3) and a neglect to prevent that conspiracy under 42 U.S.C. § 1986. (Doc. 30 at 209, 211). He asserts the anonymous neighbor, Tempe, and Tempe's employees acted in concert to initiate the second notice case against him in retaliation for his PRRs and his attempt to file a formal complaint regarding the notices with the Tempe Police Department. (Doc. 30 at 209–10, 212.)

Section 1985(3) prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). To state a claim under this statute, a plaintiff must show "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Steshenko v. Gayrard*, 70 F. Supp. 3d 979, 998 (N.D. Cal. 2014) (citation and quotation marks omitted). The second element also requires showing that the deprivation of a right was "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* (citation and quotation marks omitted). Even if McCleland has plausibly alleged a conspiracy, he has not alleged facts supporting the second element. Nowhere in his complaint does McCleland allege a deprivation of right motivated by some racial or otherwise protected class-based animus. (*See* Doc. 30.) Nor does he raise such allegations in his response to the motion to dismiss.

(*See* Doc. 39 at 7–8.) Accordingly, McCleland's section 1985 claim is dismissed with leave to amend.

Because there can be no 42 U.S.C. § 1986 claim "absent a valid claim for relief under section 1985[,]" McCleland's section 1986 claim is also dismissed with leave to amend. *Collins v. Barber*, 559 F. App'x 646, 647 (9th Cir. 2014) (quoting *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985)).

As for the common law conspiracy claim, McCleland alleges the defendants and Tempe clerks conspired to not answer his PRRs. (Doc. 30 at 228–29.) Liability for a civil conspiracy "requires that two or more individuals agree and thereupon accomplish 'an underlying tort which the alleged conspirators agreed to commit.'" *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 36 (Ariz. App. 2002), *as corrected* (Apr. 9, 2002) (quoting *Baker v. Stewart Title & Trust of Phoenix,* 5 P.3d 249, 259 (Ariz. App. 2000)). McCleland has not alleged failing to answer PRRs is a tort and the court cannot conceive of how it would be, so his common law conspiracy claim is dismissed with prejudice. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.") (citation omitted).

### D. Breach of Fiduciary Duty

McCleland claims Tempe's staff "who were responsible for answering" his PRRs breached their fiduciary duty to him by failing to answer those requests. (Doc. 30 at 230.) Defendants argue McCleland has "fail[ed] to provide any factual or legal basis for the proposition that Defendants owe[d] him a fiduciary duty." (Doc. 38 at 9.) Indeed, McCleland cites no cases indicating Tempe owed him a fiduciary duty to respond to his PRRs—nor has the court found any—and he does not meaningfully respond to the defendants' argument in his response to the motion to dismiss. (*See* Doc. 39.) A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. But based on McCleland's complaint, he cannot allege additional facts

- 7 -

1  that would make it plausible Tempe's staff owed him a fiduciary duty. This case is unlike
2  others that have found a fiduciary relationship between a local government and a citizen.
3  *See People ex rel. Wofford v. Brown*, 76 N.E.3d 34, 40 (Ill. App. Ct. 2017) (noting aldermen
4  owe fiduciary duties to their municipality and the people they represent); *Frederick v. City*
5  *of Butler*, 374 A.2d 768, 770–71 (Pa. Commw. 1977) (noting the city council had a
6  fiduciary relationship to the public and to taxpayers).  As a result, McCleland's breach of
7  fiduciary duty claim is dismissed with prejudice.

### E.  42 U.S.C. § 1983 Claim

To prevail on a section 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). A plaintiff must also allege that he suffered a specific injury because of the conduct of a particular defendant and allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pleaded. *Id.*

McCleland seems to base his 42 U.S.C. § 1983 claim on violations of his First, Fourth, and Fourteenth Amendment rights. (Doc. 30 at 95–209.) Defendants move to dismiss only the Fourth Amendment portion of this claim (*see* Doc. 38), possibly because they did not realize McCleland also invoked the First and Fourteenth Amendment in his rambling complaint. Indeed, McCleland has once again failed to comply with Rule 8(a)'s requirement to provide "a short and plain statement" of his § 1983 claim. Fed. R. Civ. P. 8(a). (*See* Doc. 29 at 1 (noting neither of McCleland's complaints complied with Rule 8(a)).) Rather, he spent 114 pages describing it. (*See* Doc. 30 at 95–209.) It may be possible

to pore over the 236-page complaint to cobble together some basis for McCleland's alleged First, Fourth, and Fourteenth Amendment claim under 42 U.S.C. § 1983, but doing so would require an inordinate amount of time. McCleland's 1983 claim is therefore dismissed with leave to amend for violating Rule 8(a). *See McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of a complaint under Rule 8 that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

To assist McCleland in attempting to amend his complaint one final time if he chooses to do so, the closest he comes to clearly stating a § 1983 claim is when he discusses the Fourth Amendment. McCleland's Fourth Amendment claim appears to be based on his allegation that a Tempe employee entered his property to photograph a vehicle parked within the curtilage of his home which would mean it was protected from search by the Fourth Amendment. (Doc. 30 at 118, 129.) Any amendment should therefore include sufficient factual allegations—not conclusory statements—making it plausible his driveway was curtilage, which is the crucial predicate for this claim. *See United States v. Dunn*, 480 U.S. 294, 301 (1987). McCleland should also include factual allegations identifying the injury he suffered as a result of this potential violation, which he did not do in this complaint and may be an independent basis for dismissal of the claim.

Additionally, McCleland attempts to state a retaliation claim under the First Amendment when he alleges Tempe opened a code compliance case against him in retaliation for his attempt to file a formal complaint against Tempe. (Doc. 30 at 12, 130.) He may be able to state a plausible First Amendment retaliation claim in an amended complaint but doing so requires alleging that "(1) [he] engaged in constitutionally protected activity; (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the protected activity was a substantial or motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech." *Arizona Students' Association v. Arizona Board of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (simplified). McCleland's litany of lengthy allegations related to Tempe's lack of response to his PRRs

is irrelevant to his First Amendment retaliation claim and does not plausibly allege due process violations under the Fourteenth Amendment. McCleland therefore should not base any amendment on those allegations or include such list in any future complaint.

Because McCleland's § 1983 claim is dismissed with leave to amend for failure to comply with Rule 8(a), the court need not consider defendants' argument to dismiss the claim under Rule 12(b)(6).

### F. Leave to Amend

McCleland is granted leave to amend only his 42 U.S.C. §§ 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1982, and 42 U.S.C. § 1983 claims. McCleland is granted a final opportunity to amend his complaint. The court's prior order provided instructions on what McCleland should and should not do when filing an amended complaint. In particular, the court noted McCleland should be able to allege his claims in twenty pages. Instead of attempting to comply with that order, McCleland filed an amended complaint more than ten times longer than the court believed necessary. That amended complaint was still "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry*, 84 F.3d at 1177 (affirming the dismissal of such a complaint under Rule 8).

If McCleland chooses to amend the claims that were not dismissed with prejudice, the amended complaint must "clearly and concisely explain[] which allegations are relevant to which defendants." *Id.* at 1174. Because McCleland ignored the court's previous instructions, it now *orders* any amended complaint be no more than twenty pages. That length is more than adequate for McCleland to allege the factual basis for his few remaining claims.

### G. Attorneys' Fees

McCleland claims he is entitled to attorneys' fees under 42 U.S.C. § 1988 for the time he has spent litigating this case and for related costs. (Doc. 30 216–17.) A pro se litigant is not entitled to attorneys' fees under this statute. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991). McCleland does not argue otherwise. (*See* Doc. 39 at 8–9.) His claim for

attorneys' fees is therefore denied and he may not reallege it.

**H. Order to Show Cause**

McCleland filed an order to show cause asking Tempe "to explain and justify the application and legal mechanism of Arizona Title 9 Chapter 7 to the Plaintiff and his private property." (Doc. 40 at 1.) He further argues Tempe should be required "to explain and justify its misapplication of its code enforcement powers." (Doc. 40 at 2.)

There is no procedural mechanism to compel an opposing party "to explain and justify" its actions. To the extent McCleland seeks a determination of the legality of defendants' actions, that would be duplicative of his claims for relief. He acknowledges as much, stating the motion "will compel the defense to explain on what grounds the court should grant their Motion to Dismiss." (Doc. 43 at 2.) Defendants have so explained in their motion to dismiss (Doc. 38) and their reply in support of their motion to dismiss (Doc. 41). Because the order to show cause lacks a legal basis, it is denied.

**IV. Conclusion**

McCleland's claims under 18 U.S.C. § 241, 242, 514, and 1341 are dismissed with prejudice because the statutes do not provide a private right of action. His state law claims for conspiracy, criminal trespass, criminal enterprise, PRR violations, and the making of false documents and public records are dismissed with prejudice for the same reason. McCleland's common law conspiracy and breach of fiduciary duty claims are also dismissed with prejudice. McCleland's 42 U.S.C. § 1988 claim is dismissed with prejudice because the statute does not provide attorneys' fees for pro se litigants. His order to show cause is denied because it lacks a legal basis. Only McCleland's 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1982, and 42 U.S.C. § 1983 claims are dismissed with leave to amend. Any amended complaint must be filed by May 19, 2025, and must not exceed twenty pages.

/

/

/

Accordingly,

**IT IS ORDERED** defendants' Motion to Dismiss (Doc. 38) is **GRANTED**.

**IT IS FURTHER ORDERED** no later than **May 19, 2025**, plaintiff shall file an amended complaint of no more than twenty pages. The Clerk of Court is directed to enter a judgment of dismissal with prejudice in the event no amended complaint is filed by that date.

**IT IS ORDERED** plaintiff's order to show cause (Doc. 40) is **DENIED**.

Dated this 28th day of April, 2025.

Honorable Krissa M. Lanham
United States District Judge