**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James F McCleland, II,<br><br>Plaintiff,<br><br>v.<br><br>City of Tempe, et al.,<br><br>Defendants. | No. CV-24-00926-PHX-KML<br><br>**ORDER** |

Plaintiff James F. McCleland II now asserts three federal claims against the City of Tempe and nine of its employees ("defendants") based on two code compliance notices Tempe sent him. He includes his neighbor, Valerie B. Hughes, in one of those claims. Defendants move to dismiss all claims arguing they fail to state a claim and do not comply with Federal Rule of Civil Procedure 8(a). The motion to dismiss is granted and the claims are dismissed with prejudice.

**I.  Background**

After filing two separate hundred-plus page complaints and then a 236-page consolidated complaint (Doc. 30), the court ordered McCleland to file an amended complaint of no more than 20 pages (Doc. 45 at 11). Although his amended complaint spans exactly 20 pages, McCleland attached over 400 pages of exhibits he claims to "fully incorporate[ ]" as the facts supporting his complaint. (*See* Docs. 46 at 6, 12, 386–418, 425–436; 49 at 3.) This maneuver raises serious questions (for the third time) as to whether McCleland complied with Fed. R. Civ. P. 8(a)'s requirement to provide "a short and plain

statement" of his claims. (Doc. 45 at 8–9.) His attempt to skirt the court's order that his complaint be no more than 20 pages is not taken lightly: Only the allegations contained within the four corners of his 20-page complaint will be considered here.

The court previously described the contours of McCleland's unwieldy allegations. (*See* Doc. 45 at 2.) He makes no new relevant allegations nor does he more clearly explain the old ones this time around. (*See* Doc. 45 at 1–20.) The basis for his complaint appears to be that he "is not a regulated 'person,' is not engaged in regulated activity and his private non-commercial property is without a nexus for being regulated." (Doc. 46 at 6.) But McCleland admits he is a "[c]itizen of Arizona" and "own[s] the private property located in Tempe involved in this complaint." (Doc. 46 at 4.) McCleland brings back the only claims he was allowed to amend, those under 42 U.S.C. §§ 1983, 1985, and 1986. (Doc. 46 at 6–15.) Because he failed to remedy the deficiencies the court clearly identified and for various additional reasons, all these claims fail.

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64.

### III. Analysis

#### A. 42 U.S.C. § 1983 Claims

McCleland attempts to assert § 1983 claims under the First, Fourth, Fifth, and Eighth Amendments. (Doc. 46 at 6–13.) To state a section 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). A plaintiff must also allege that he suffered a specific injury because of the conduct of a particular defendant and draw an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pleaded. *Id.*

McCleland alleges a City code inspector "failed to follow all mandatory inspection laws . . . which resulted in many due process violations."[1] (Doc. 46 at 7.) He later states two City code inspectors "violated due process repeatedly." (Doc. 46 at 8.) But McCleland never clearly explains how his due process rights were violated, variously suggesting the possibility of both civil and criminal enforcement based on the same conduct is unconstitutional (Doc. 46 at 9), or that providing a short time period for compliance is (Doc. 46 at 11). McCleland never explains how these allegations would support a due process claim. (*See* Doc. 49 at 7–9.) Nor does he allege any cognizable injury based on these violations as the court warned he needed to. (Doc. 45 at 9.)

McCleland does not plausibly plead a First or Eighth Amendment violation either.

---

[1] McCleland alleges his Fifth Amendment due process rights were violated but the Fifth Amendment only applies to federal actors and McCleland does not allege any were at issue here. So, his claims are properly considered under the Fourteenth Amendment's due process clause. *See Lemke v. Barber*, No. 3:20-CV-00345-GPC-LL, 2020 WL 1450440, at *2 (S.D. Cal. Mar. 25, 2020) ("It is well established that the Fifth Amendment applies to federal actors and the Fourteenth Amendment applies to state actors.") (citation omitted).

He claims his First Amendment rights were violated because the second code compliance notice issued against him was "a false violation as a retributive attempt to prevent the filing of a lawsuit, criminal complaints, and against a redress of grievance." (Doc. 46 at 10.) McCleland later states the notice "was intended to create a Chilling Effect through coercion against [him] attempting to redress grievances." (Doc. 46 at 11.) But the first element a plaintiff must allege to state a plausible First Amendment retaliation claim is that he "engaged in constitutionally protected activity." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016). And although the court previously notified him he needed to allege facts supporting this element (Doc. 45 at 9), McCleland never explains what that activity was. (*See* Doc. 49 at 6 (alleging only he "has a right to do what he wants with his property" and "to have [it] be left alone from unwanted harassment" from his neighbor and the City).) Because he does not allege he engaged in a constitutionally protected activity, his First Amendment retaliation claim is dismissed.

McCleland's Eighth Amendment claim fails at the outset. He mentions the Eighth Amendment only once merely to say it was violated because the code compliance notices could have led to over $10,000 in fines. (Doc. 46 at 8–9.) But he acknowledged in his previous complaint that both notices against him were closed after he complied with them (*see* Doc. 30 at 46, 68) and never explains the relationship between the fines and the Eighth Amendment. As such, to the extent McCleland attempts to add an Eighth Amendment claim, it is dismissed.

The court previously stated "the closest [McCleland] [came] to clearly stating a § 1983 claim is when he discusse[d] the Fourth Amendment." (Doc. 46 at 9.) That claim was "based on his allegation that a Tempe employee entered his property to photograph a vehicle parked within the curtilage of his home which would mean it was protected from search by the Fourth Amendment." (Doc. 45 at 9 (quoting Doc. 30 at 118, 129).) Though confusingly written, McCleland appears to make that same allegation here. (*See* Doc. 46 at 7–8.) The court advised McCleland that an amended Fourth Amendment claim should "include sufficient factual allegations—not conclusory statements—making it plausible his

driveway was curtilage, which is the crucial predicate for this claim. *See United States v. Dunn*, 480 U.S. 294, 301 (1987)." (Doc. 45 at 9.) He ignored the court's pointed suggestion, alleging only that his truck "was on his private property in the curtilage not on the road." (Doc. 46 at 8.) His response then characterized any curtilage argument as a "waste[ ]," "non-crucial," and "minor . . . compared to the fact civil administrative enforcement is for regulated persons, which Plaintiff is not." (Doc. 49 at 2, 5.) McCleland's belief that regulatory status is critical to a Fourth Amendment claim does not make that the law. As stated, the crucial predicate for his Fourth Amendment claim is that the truck was in the curtilage of his home. McCleland has affirmatively declined to plausibly allege that was the case, so his Fourth Amendment claim fails. The court previously indicated this was McCleland's last opportunity to amend his complaint (Doc. 45 at 10), so all of his § 1983 claims are dismissed with prejudice. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (quotations omitted); *see also Robinson v. GE Money Bank*, No. 09-CV-00227-AWT, 2014 WL 12693835, at *2 (D. Ariz. Apr. 15, 2014) ("Plaintiffs have already had two opportunities to state a claim, and they need not be granted a third opportunity.").

**B. Conspiracy and Neglect to Prevent Conspiracy Claims**

McCleland brings a federal conspiracy claim under 42 U.S.C. § 1985 and a claim for neglecting to prevent that conspiracy under 42 U.S.C. § 1986. (Doc. 46 at 13–15.) He does not specify under which provision of § 1985 he brings his claim, but the court assumes it is under § 1985(3) because that was the provision he cited in his previous § 1985 claim. (*See* Doc. 30 at 209.)

Section 1985(3) prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). To state a claim under this statute, a plaintiff must show "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and

(3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Steshenko v. Gayrard*, 70 F. Supp. 3d 979, 998 (N.D. Cal. 2014) (citation and quotation marks omitted). The second element also requires showing that the deprivation of a right was "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* (citation and quotation marks omitted). As in McCleland's prior complaint, even if he has plausibly alleged a conspiracy, he has not alleged facts supporting the second element.

The only class McCleland discusses anywhere in his complaint is "[c]itizens at their home engaged in private activities." (Doc. 46 at 7.) Nowhere does he allege the City, its employees, and his neighbor deprived him of a right because they were motivated by some racial or otherwise protected class-based animus. (*See* Doc. 46.) Nor does he do so in his response to the motion to dismiss. (*See* Doc. 49 at 9–10.) McCleland's previous § 1985(3) claim was dismissed for failing to make such an allegation (*see* Doc. 45 at 6–7), and he has not fixed that deficiency here. As a result, his § 1985(3) claim is dismissed and this time with prejudice. There can be no 42 U.S.C. § 1986 claim "absent a valid claim for relief under section 1985[,]" so that claim is also dismissed with prejudice. *Collins v. Barber*, 559 F. App'x 646, 647 (9th Cir. 2014) (quoting *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985)).

### C. Dismissal of Hughes

Defendants did not bring their motion to dismiss on Hughes's behalf because their counsel does not represent her, but they still argue she should be dismissed from this lawsuit for the same reasons. (Doc. 48 at 1 n.1.) Defendants are correct.

Based on the City's motion, all counts in the amended complaint fail to state a claim. In that situation, the court can dismiss claims asserted against defendants who do not move to dismiss when those defendants "are in a position similar" to the moving defendants. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008)). Hughes is in a similar position to the moving defendants here because she was only included in the

defective § 1985(3) claim which has been dismissed with prejudice for failure to allege racial or other class-based animus. As such, Hughes is dismissed from this lawsuit.

### IV.  Conclusion

The court's previous order gave McCleland one last opportunity to amend his unwieldly complaint and specific guidance on the elements needed to do so. He has failed to fix any of the deficiencies the court identified. As a result, his 42 U.S.C. §§ 1983, 1985, and 1986 claims against all defendants are now dismissed with prejudice.

Accordingly,

**IT IS ORDERED** defendants' motion to dismiss (Doc. 48) is **GRANTED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of defendants and close this case.

Dated this 31st day of July, 2025.

Honorable Krissa M. Lanham
United States District Judge